UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE LEBEAUX,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-01809-CDB (PC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

**Background**

Plaintiff Jake LeBeaux ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on December 11, 2025. (Doc. 1). Plaintiff asserts violations of the Eighth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, and of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Indian Child Welfare Act ("ICWA") against Defendant State of California, as well as numerous other state actors (collectively, "Defendants"). *See id.*

Plaintiff states that, between 2005 and 2011 and while a minor incarcerated in different state institutions, Defendants subjected Plaintiff to extreme force, daily cell extractions, prolonged solitary confinement, forced psychotropic drugging, fabricated disciplinary write-ups, and retaliatory transfers. *Id.* at 2-3, 9. Plaintiff asserts that he entered the California Youth Authority

("CYA") in May 2005 at the age of 16, and as an enrolled member of the Navajo Nation – Eastern Agency, a federally recognized tribe. *Id.* at 10. Plaintiff describes numerous instances of alleged abuse within state facilities where he was incarcerated, from 2005 to 2011. *Id.* at 10-17. Plaintiff details continuous psychiatric treatment following release from confinement. *Id.* at 18-19.

**Governing Law**

State law determines the statute of limitations for § 1983 suits. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). The statute of limitations for a § 1983 suit in California is two years. *Doe #1 M.L. v. San Bernardino Sheriff Dep't*, 753 F. Supp. 3d 1024, 1028 (C.D. Cal. 2024) (citing Cal. Code Civ. Proc. § 335.1). Federal courts also apply the forum state's tolling rules when determining the applicable statute of limitations. *Soto v. Sweetman*, 882 F.3d 865, 871-72 (9th Cir. 2018). In California, the applicable statute of limitations is tolled while a plaintiff is incarcerated, for a maximum period of two years. *Doe #1*, 753 F. Supp. 3d at 1028 (citing Cal. Code Civ. Proc. § 352.1(a)). California law also tolls the applicable statute of limitations while a plaintiff is a minor. Cal. Code Civ. Proc. § 352. Tolling under § 352 lasts only until a plaintiff reaches the age of majority. *See Roe v. Reynolds*, No. 2:25-CV-01070-JAM-JDP, 2025 WL 2172285, at *3 (E.D. Cal. July 31, 2025) (citing Cal. Code Civ. Proc. § 352).

However, "[f]ederal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 action … the claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994) (citations and quotations omitted).

The ADA and Rehabilitation Act do not contain statutes of limitations. Courts must apply the "statute of limitations of the most analogous state law." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002); *see Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 n.8 (9th Cir. 2001). The Ninth Circuit has not decided which California state law is applicable, but most district courts have applied California's limit for personal injury actions to ADA claims brought in California. *Id.* "A prisoner thus normally has four years to bring an ADA claim for damages in California, i.e., the regular two years allowed under § 335.1 plus two years during which accrual was postponed due to the disability of imprisonment." *England v.*

*Horel*, No. C 10-153 SI PR, 2011 WL 2883632, at *2 (N.D. Cal. July 19, 2011). The same is true for Rehabilitation Act claims. *See J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 570 F. Supp. 2d 1212, 1222 (E.D. Cal. 2008) (citing, *inter alia*, *Daviton*, 241 F.3d at 1135). Under federal law, as with § 1983 claims, a "cause of action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that is the basis of the action." *Alexopulos By & Through Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551, 555 (9th Cir. 1987).

**Discussion**

Here, Plaintiff's claims brought pursuant to § 1983 appear to be time-barred under the applicable statute of limitations. Plaintiff's claims are subject to a four-year statute of limitations, absent any additional tolling. Plaintiff asserts that the events that are the subject of his claims occurred from 2005 to 2011, and that he was 16 years of age in 2005. (Doc. 1 at 10-17). According to Plaintiff's assertions, he became an adult, at the latest, in 2007. Plaintiff does not set forth any applicable basis for tolling of the statute of limitations past the year he reached the age of majority. Thus, at the latest, the statute of limitations for any claims accruing prior to the date of Plaintiff reaching the age of majority began running sometime in 2007. It follows that the claims that accrued while Plaintiff was a minor became time-barred sometime in 2011, absent any tolling. Even the most recent of Plaintiff's alleged claims began accruing in 2011, and thus became time-barred sometime in 2015, absent any additional tolling.

Accrual of § 1983 claims is dictated by the "discovery rule" which provides that a claim has accrued "when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dept. of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017). This does not mean that a plaintiff must be aware of the full extent of the injuries for accrual to occur and a plaintiff must still be "diligent in discovering the critical facts." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

The abuse underlying Plaintiff's claims allegedly began in 2005 and continued through 2011. The present action was filed in December 2025. *See* (Doc. 1). Plaintiff does not set forth facts asserting that he did not have reason to know of the injuries that are the basis of the claims. Thus, the statute of limitations would have run well before the complaint was filed and the

complaint would be untimely. The same is true for Plaintiff's ADA and Rehabilitation Act claims. Accordingly, to proceed on these claims, Plaintiff must either establish that his claims accrued at a later date and/or that the limitations period for those claims should be equitably tolled.

Lastly, the Indian Child Welfare Act ("ICWA") is a "federal statute that aims to keep Indian children connected to Indian families; it governs state court adoption and foster care proceedings involving Indian children." *Mandujano v. Lester*, No. 2:23-2385-DJC-CKD (PS), 2025 WL 901077, at *3 (E.D. Cal. Mar. 25, 2025) (citing 25 U.S.C.A. § 1901 *et. seq.* & *Haaland v. Brackeen*, 599 U.S. 255, 265 (2023)), *appeal dismissed*, No. 25-3185, 2025 WL 2384060 (9th Cir. July 24, 2025). Based on the allegations in Plaintiff's complaint, ICWA does not appear to be relevant to the claims at issue.

In sum, Plaintiff has not alleged any basis to toll the statute of limitations accrual beyond the applicable statutes and the undersigned finds no tolling statutes applicable here that could conceivably cover a period of 10 years or more. It follows that this action likely is time-barred under the applicable statute of limitations pursuant to California Code of Civil Procedure § 335.1, and any tolling provisions appear unlikely to render Plaintiff's claims timely. Therefore, the undersigned will order Plaintiff to show cause in writing why this action should not be dismissed as time-barred.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff show cause in writing **within 21 days** from the date of service of this order why this action should not be dismissed as time-barred.

**Any failure by Plaintiff to respond to this Order may result in the recommendation that this action be dismissed as being time-barred and for Plaintiff's failure to obey court orders and a failure to prosecute**.

IT IS SO ORDERED.

Dated:   **December 17, 2025**

_____
UNITED STATES MAGISTRATE JUDGE